**Khosrow SADEGHIAN, Appellant,**

**v.**

**Willie SHAW, Appellee.**

**No. 06-01-00141-CV.**

Court of Appeals of Texas, Texarkana.

Submitted April 1, 2002.

Decided May 15, 2002.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Christopher J. Caso, Caso, Egelston & Eckert, LLP, Dallas, TX, for appellant.

William C. Terry, Bonham, TX, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice CORNELIUS.

Khosrow Sadeghian brought suit against Willie Shaw alleging nonpayment of a debt arising from a contract for the sale of real estate. The county court, in its final order, purported to rescind a previously granted motion for new trial and a motion to transfer venue and to render a final take-nothing judgment against all parties. Although Sadeghian raises several issues for appellate review, the dispositive chal-

lenge contends that the county court lacked jurisdiction to render the judgment because the court's plenary power had expired when the judgment was rendered. For the reasons that follow, we vacate the county court's judgment.

In May of 1999, Sadeghian filed his original petition in small claims court in Denton County, alleging that Shaw had failed to pay a debt in the amount of $4,400.00. Shaw filed a motion to transfer venue, and the court transferred the case to a justice court in Fannin County. Shaw also filed a counterclaim for $5,643.07 in damages, plus additional damages under the Texas Business and Commerce Code and the Texas Deceptive Trade Practices Act, and for attorney's fees. Sadeghian failed to appear at the scheduled trial on May 30, 2000, and the justice court rendered a default judgment against Sadeghian in favor of Shaw for $5,000.00 in damages and $5,000.00 in attorney's fees. On June 7, 2000, Sadeghian filed an appeal bond seeking to appeal to the county court of Fannin County. The justice court approved the bond and waived the bond amount. Shaw then filed a motion in the county court to dismiss Sadeghian's appeal on the ground that the county court was without jurisdiction because Sadeghian's appeal bond did not satisfy Texas Rules of Civil Procedure requirements as to the amount of the bond. *See* Tex.R. Civ. P. 143a. Shaw succeeded on his motion and, in October of 2000, the county court dismissed the appeal. After this, Sadeghian filed a motion in the county court for a new trial, or in the alternative, to reinstate the case so that he could properly file his appeal. The county court granted Sadeghian's request for a new trial in December of 2000. Sadeghian then filed a corrected appeal bond for $20,000.00. On March 1, 2001, the county court dismissed the case, ordering that all parties take nothing, and one day later the court reinstated the same case to

the docket, finding that it had been dismissed by accident. This was followed, in the middle of May, by Shaw's plea to the jurisdiction and motion to transfer to the district court of Fannin County, on the grounds that the district court had exclusive jurisdiction of the matter. The county court granted the motion to transfer on June 6, 2001. Despite this transfer, on September 7, 2001, the same county court filed an order in which it stated that it had reconsidered its previous orders and had now decided the following: the order dated October 20, 2000, which dismissed Sadeghian's original appeal, was affirmed; the order dated March 1, 2001, which dismissed the case with all parties taking nothing was affirmed; the order dated March 1, 2001, which reinstated the case was vacated; the order dated June 6, 2001, which transferred the case to the district court was vacated; and, in summation, Sadeghian's appeal was dismissed with prejudice. It appears that at this point, the county court's intention was for all parties to take nothing. In late October of 2001, Sadeghian unsuccessfully moved for a new trial.

Sadeghian alleges three errors by the county court. He contends that the court erred in dismissing the case because he was not given an opportunity to correct his appeal bond; the court only had jurisdiction over matters concerning amounts up to $5,000.00 and was therefore without jurisdiction to render a judgment for $10,000.00; and the court did not have jurisdiction to dismiss the appeal on September 7, 2001, because it lost jurisdiction over the case thirty days after it transferred the case to the district court on June 6, 2001.

We will consider only whether the county court had jurisdiction to make its last final order, as this is the dispositive issue. As previously stated, the county court

transferred the case to the district court of Fannin County on June 6, 2001. About ninety days later, the same county court dismissed Sadeghian's appeal with prejudice. A trial court's plenary power over its judgment continues until the expiration of the time periods prescribed by TEX. R.CIV. P. 329b. The plenary power of a court to vacate, modify, correct, or reform a final judgment expires thirty days after the judgment is signed if a motion for new trial or a motion to modify, correct, or reform the judgment is not filed within that thirty-day period. *See* TEX.R. CIV. P. 329b(d), (e), (g). Sadeghian filed a motion for new trial, but it was not filed until more than thirty days after the transfer order. Therefore, the county court had only thirty days after it signed the transfer order to vacate or modify that order. The county court did not set the order aside until approximately three months later, well after the court's plenary power had expired. Therefore, its order was voidable and constituted an abuse of discretion. We vacate the county court's order and remand this case to the district court of Fannin County for further proceedings.